## Case No. 2,405.

### CARGO OF BRIMSTONE.

[8 Ben. 45.][1]

District Court, E. D. New York.  Feb., 1875.

FREIGHT—DELIVERY—LIEN.

A vessel brought a cargo of brimstone from Palermo to New York under a charter which contained no clause binding the goods to the ship and the ship to the goods. On arrival at New York, the cargo was delivered unconditionally, and without any understanding that it should be subject to a lien for the charter-money. But, after such delivery, the owners of the ship filed a libel against the cargo to recover the amount of the charter-money, for which they claimed to have a lien enforceable against the cargo. Held, that the lien of the vessel on the cargo for her freight was lost by the delivery and could not be enforced.

[See note at end of case.]

In admiralty.

Thomas E. Stillman, for libellant.

R. D. Benedict and H. T. Wing, for claimant.

BENEDICT, District Judge. This is an action by Gaspar Monte, owner of the bark Castillo, to enforce a lien upon the cargo of the bark for freight alleged to have been earned under a charter party, made at Palermo, on the 7th day of October, A. D. 1870. The terms of the charter party are not in dispute, and it is admitted that it contains no clause binding the ship to the goods and the goods to the ship for the due performance of the contract. The fact is also undisputed that the cargo here proceeded against was transported in the vessel. But the libellant's right to recover is disputed upon two grounds: First, that, if freight became due, the lien therefor has been lost by an unqualified delivery of the cargo, without any indication of an intention to claim a lien for freight. Second, that by reason of a failure to perform the stipulations of the charter in respect to the time when the vessel should be ready to receive the cargo, the charterers sustained damages exceeding the freight, which they have the right to set off by way of recoupment against the claim for freight. It is only necessary to consider the first named ground of defense, for the testimony brings the case within the ruling of the supreme court in the case of The Bags of Linseed, 1 Black [66 U. S.] 108. As in that case, so here, the cargo was delivered without any condition or qualification.

There is no evidence of any understanding, or of any local usage of the port from which an understanding can be inferred, that the

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

cargo was delivered subject to freight. In accordance with the ruling of the supreme court, it must accordingly be held that any lien which the libellant may have had for his freight has been lost by unqualified delivery of the cargo. Let the libel be dismissed with costs.

[NOTE. The lien of a carrier for freight arises from the right to retain possession until the freight is paid, and is lost by an unconditional delivery. Sears v. Wills, 1 Black (66 U. S.) 108; Duncan v. Kimball, 3 Wall. (70 U. S.) 37; One Hundred and Eighteen Sticks of Timber, Case No. 10,519; The Volunteer, Id. 16,999; Certain Logs of Mahogany, Id. 2,559; Ruggles v. Bucknor, Id. 12,115; Raymond v. Tyson, 17 How. (58 U. S.) 53; Perkins v. Hill, Case No. 10,987; Eames v. Cavaroc, Id. 4,238.]